******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN A. MOUNTAIN *v.* HEIDI L. MOUNTAIN
(AC 41041)

Sheldon, Keller and Bear, Js.

*Syllabus*

The plaintiff, whose marriage to the defendant previously had been dissolved, appealed to this court from the trial court's denial of his second postjudgment motion for modification of his unallocated alimony and child support obligation to the defendant. The dissolution judgment, which had incorporated the parties' separation agreement, referred to the plaintiff's ability to borrow funds from several sources, including his current wife, to meet his financial obligations to his minor children and to the defendant. In the plaintiff's first motion to modify his unallocated alimony and child support obligation, he claimed that there had been a substantial change in circumstances because, inter alia, he and his current wife had been paying directly for the vast majority of the expenses for the minor children, his income had decreased since the date of dissolution, he no longer had the ability to borrow money to satisfy his unallocated alimony and support obligation, and he was spending more time with the children than he had been at the time of dissolution. The plaintiff did not appeal from the trial court's denial of that motion. In the plaintiff's second motion to modify his unallocated alimony and child support obligation, he alleged that there had been a substantial change in circumstances since the denial of the first motion to modify. The only change in circumstances that he alleged in the second motion was that he was no longer able to borrow money to meet his financial obligations to the children and to the defendant. The trial court determined that although the plaintiff no longer had the ability to borrow funds from certain sources that were referred to in the separation agreement, he failed to meet his burden of proof to show that he no longer had the ability to borrow funds from his current wife. On appeal to this court, the plaintiff asserted that the trial court improperly rejected his claim that there had been a substantial change in circumstances due to a decrease in his income, an increase in his parenting time and the loss of his ability to borrow money from his current wife to satisfy his financial obligations to the defendant. *Held* that the trial court did not err in finding that there had been no substantial change in the plaintiff's circumstances to support a modification of his unallocated alimony and child support obligation: the plaintiff's claims that there had been a substantial change in circumstances on the basis of the alleged decrease in his income or increase in his parenting time, which had been addressed and rejected by the trial court in its denial of his first motion to modify, were not raised in his second motion to modify and, thus, the trial court properly declined to address them in ruling on that motion and they were not properly before this court; moreover, the plaintiff's claim that the court erred in finding that he had failed to prove that he was no longer able to meet his financial obligations to the defendant by borrowing money from his current wife was not reviewable, the plaintiff having failed to brief the claim adequately, and even if he had properly briefed that claim, the court's rejection of it was well supported by its unchallenged factual finding that he continued to borrow money from his current wife to meet his financial obligations since the date that he filed his second motion to modify.

Argued January 14—officially released April 9, 2019

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Danbury and tried to the court, *Winslow, J.*; judgment dissolving the marriage and granting certain other relief in accordance with the parties' separation

agreement; thereafter, the court, *Hon. Sidney Axelrod*, judge trial referee, granted in part the plaintiff's motion to modify custody of the parties' minor children, and denied the plaintiff's motion to modify alimony and child support, and the plaintiff appealed to this court. *Affirmed.*

*John A. Mountain*, self-represented, the appellant (plaintiff).

*Opinion*

SHELDON, J. The plaintiff, John A. Mountain, appeals from the judgment of the trial court denying his post-judgment motion to modify his unallocated alimony and child support obligation to the defendant, Heidi L. Mountain, pursuant to the judgment dissolving their marriage. The plaintiff claims that the court erred in finding that he failed to prove that there was a substantial change in circumstances warranting such a modification. We affirm the judgment of the trial court.

The marriage of the parties, who share four minor children, was dissolved on January 9, 2014. The court approved the separation agreement and the parenting plan filed by the parties, and incorporated them into the judgment of dissolution. The judgment provided, inter alia, that the parties would share joint legal and physical custody of their four children and that the children's primary physical residence would remain at the marital home in Ridgefield, with the defendant. The plaintiff agreed to pay the defendant the sum of $6700 per month as unallocated alimony and child support for a term of nine years beginning on February 1, 2014. The judgment provided: "The [plaintiff]'s obligation to pay alimony and child support at the rate stated above is conditioned upon his current financial and personal opportunities and his ability to borrow the funds necessary to meet his obligations. Any significant change in these circumstances warrants a substantial change of circumstances."[1]

On March 13, 2015, the plaintiff filed a motion to modify custody of the minor children due to his relocation from Westport to Weston. By way of memorandum of decision filed October 29, 2015, the court found that there had been a substantial change in circumstances due to the plaintiff's relocation to Weston, but it denied the plaintiff's request to modify the children's primary residence to Weston. Instead, it modified the parties' parenting plan to afford the plaintiff additional time with the children.

Also on March 13, 2015, the plaintiff filed a motion to modify his unallocated alimony and child support obligation, wherein he claimed that there had been a substantial change in circumstances for the following reasons: his income had decreased since the date of dissolution; he no longer had the ability to borrow money to satisfy his unallocated alimony and support obligation; he was spending more time with the children than he had been at the time of dissolution; he and his current wife had been paying directly for the "vast majority of the expenses for the minor children such as clothes, camp, therapy, and activities," although the separation agreement entered into at the time of dissolution contemplated that those expenses would be paid by the defendant; the defendant was cohabiting; and

the defendant was working and earning more income than she had been at the time of dissolution. By memorandum of decision filed February 1, 2016, the court rejected all of the plaintiff's claims and denied his motion to modify.

On July 8, 2016, the plaintiff filed a second motion to modify his unallocated alimony and child support obligation, claiming that there had been a substantial change in circumstances since the denial of his previous motion to modify on February 1, 2016. Apart from reciting the actions he had taken to satisfy his financial obligations since the denial of his previous motion to modify, the only change in circumstances that the plaintiff alleged in his second motion to modify was that he was no longer able to borrow money to meet those obligations.

By way of memorandum of decision filed October 24, 2017, following an evidentiary hearing, the court denied the plaintiff's motion to modify. The court explained that the dissolution judgment "refers to [the plaintiff's] ability to borrow funds necessary to meet his obligations from [his current wife], the Jim Torrey Fund, and his parents . . . ." The court found that the plaintiff no longer had the ability to borrow funds from the Jim Torrey Fund or from his parents, but that he had "failed to meet his burden of proof that he no longer has the ability to borrow funds from [his current wife]." The court based that determination on the fact that the plaintiff had, in fact, borrowed money from his current wife to satisfy his financial obligations to the defendant since the date that he filed his second motion to modify in which he claimed that he had lost that ability. This appeal followed.

"Modification of . . . support is governed by General Statutes § 46b-86 (a), which provides in relevant part: Unless and to the extent that the decree precludes modification, any final order for the periodic payment of . . . support . . . may, at any time thereafter, be continued, set aside, altered or modified by the court upon a showing of a substantial change in the circumstances of either party . . . .

"We previously have explained the specific method by which a trial court should proceed with a motion brought pursuant to § 46b-86 (a). When presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. . . . Second, if the court finds a substantial change in circumstances, it may properly consider the motion and, on the basis of the . . . [General Statutes] § 46b-82 criteria, make an order for modification. . . . The court has authority to issue a modification only if it conforms the order to the distinct and definite changes in the circumstances of the parties. . . . Simply put, before the court may modify . . . [a child support

order] pursuant to § 46b-86, it must make a threshold finding of a substantial change in circumstances with respect to one of the parties.

"The party seeking the modification has the burden of proving a substantial change in circumstances. . . . To obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it. Because the establishment of changed circumstances is a condition precedent to a party's relief, it is pertinent for the trial court to inquire as to what, if any, new circumstance warrants a modification of the existing order. In making such an inquiry, the trial court's discretion is essential." (Internal quotation marks omitted.) *Bolat* v. *Bolat*, 182 Conn. App. 468, 475–76, 190 A.3d 96 (2018).

"[W]e will not disturb the trial court's ruling on a motion for modification of alimony or child support unless the court has abused its discretion or reasonably could not conclude as it did, on the basis of the facts presented. . . . Furthermore, [t]he trial court's findings [of fact] are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Becue* v. *Becue*, 185 Conn. App. 812, 832, 198 A.3d 601 (2018), cert. denied, 331 Conn. 902,     A.3d     (2019).

On appeal, the plaintiff claims that the court erred in denying his second motion to modify because it improperly rejected his claim that there had been a substantial change in circumstances, which was based on the decrease in his income, the increase in his parenting time, and the loss of his ability to borrow money from his current wife to satisfy his financial obligations to the defendant. In his second motion to modify, however, the plaintiff did not claim a substantial change in circumstances on the basis of the alleged decrease in his income or the alleged increase in his parenting time. Indeed, those alleged changes in circumstances had previously been addressed by the trial court, and rejected as not substantial, in denying the plaintiff's first motion to modify, from which he did not appeal. Because those claims were not raised by the plaintiff in his second motion to modify, and the court properly did not address them in ruling on that motion, they are not properly before us now.

The plaintiff also claims that the court erred in finding that he had failed to prove that he was no longer able to meet his financial obligations to the defendant by borrowing money from his current wife. His brief is

wholly devoid of any legal authority to support his claim and is thus inadequately briefed for our review. Even, however, if he had properly briefed that claim, the court's rejection of his claim that he could no longer borrow funds from his current wife to meet his financial obligations to the defendant was well supported by the court's unchallenged factual finding that he had in fact continued to borrow money from his current wife for that purpose since the date that he filed his second motion to modify. We thus conclude that the court did not err in finding that there had been no substantial change in circumstances as alleged by the plaintiff to support a modification of the unallocated alimony and child support obligation.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff was represented by counsel when he agreed to the terms of the separation agreement that was incorporated into the judgment of dissolution.